UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON, | No. 2:17-cv-1917 KJM AC P |
| Petitioner, | |
| v. | ORDER |
| CHRISTIAN PFEIFFER, | |
| Respondent. | |

On May 8, 2018,[1] petitioner, a state prisoner proceeding pro se, filed a request for relief from a judgment under Federal Rule of Civil Procedure 60(b). EFC No. 13. He seeks relief from the District Court's judgment entered on May 1, 2018. EFC Nos. 11, 12.

A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule and as a motion under Federal Rule of Civil Procedure 60(b) otherwise." *Moore v. Mortg. Elec. Registration Sys., Inc.*, 650 F. App'x 406, 407 n.1 (9th Cir. 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001)). Since petitioner's motion for

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

1

reconsideration was filed within twenty-eight days of the entry of judgment, the motion is considered under Rule 59(e). *Taylor*, 871 F.2d at 805 (construing motion filed under Rule 60 as a motion under Rule 59(e) because it was filed within the timeframe set by Rule 59).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

Petitioner's motion for relief is nearly identical to the motions for relief from judgment that he filed prior to the court's judgment (*compare* ECF No. 13 *with* ECF Nos. 7, 10) and which were construed as further objections (ECF No. 11). Because the current motion simply repeats arguments that the court has already considered, the motion fails to state any grounds that would make reconsideration proper under Federal Rule of Civil Procedure 59(e) and Local Rule 230(j) and it will be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for relief from judgment (ECF No. 13) is denied;

DATED: June 11, 2018.

_____
UNITED STATES DISTRICT JUDGE