UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　　Respondent. | No. 2:17-cv-01917-KJM-AC P<br><br><br><br>ORDER |

　　　　　On October 16, 2018, the Ninth Circuit remanded this matter for the limited purpose of this court's determining in the first instance whether to grant or deny a certificate of appealability with respect to the issues determined in this court's denial of petitioner's two post-judgment motions. *See* ECF Nos. 13, 14, 15, 16; *see also* ECF No. 22. For the reasons set forth below, the court DECLINES to issue a certificate of appealability.

I.　　BACKGROUND

　　　　　Petitioner initiated this habeas proceeding on September 14, 2017, challenging his 1999 conviction for multiple robberies, for which he incurred a forty-nine-year prison sentence. ECF No. 1. On March 1, 2018, the assigned magistrate judge issued Findings and Recommendations, recommending the petition be dismissed without prejudice for failure to obtain Ninth Circuit authorization for filing a successive habeas petition. ECF No. 6. This court adopted the Magistrate Judge's recommendations and judgment was entered on May 1, 2018.

1

ECF Nos. 11, 12. On two occasions since, petitioner moved for relief from judgment. ECF Nos. 13, 15. The court denied both motions, but in neither order did the court address whether a certificate of appealability should issue. *See* ECF Nos. 14, 16. On August 20, 2018, petitioner filed a notice of appeal, ECF No. 17, and on September 4, 2018, he filed a motion for a certificate of appealability, ECF No. 21. Before this court resolved the pending motion, the Ninth Circuit directed the court to address the question of appealability. ECF No. 22.

II. <u>LEGAL STANDARD</u>

When a movant appeals the denial of a motion for post-judgment relief, a certificate of appealability should issue only if the movant shows: "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015). This standard also applies when the underlying petition is brought under 28 U.S.C. § 2254. *See Lynch v. Blodgett*, 999 F.2d 401 (9th Cir. 1993) (applying "abuse of discretion" and "denial of a federal right" standard in § 2554 context) (citations omitted). In deciding these questions, as one colleague has explained, the court "conducts an overview of the claims in the [Rule 60(b) motion], generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason." *Dews v. Biter*, No. 1:13-CV-00626-AWI, 2013 WL 5492492, at *1 (E.D. Cal. Sept. 30, 2013).

III. <u>DISCUSSION</u>

    A. <u>Denial of Petitioner's May 16, 2018 Motion</u>

Petitioner's first post-judgment motion was filed on May 16, 2018, fifteen days after entry of judgment. *See* ECF Nos. 12, 13. Although the motion was styled as seeking relief under Federal Rule of Civil Procedure 60(b), this court analyzed the motion under Rule 59(e). *See* ECF No. 14. In so doing, the court explained that the analytical distinction is entirely determined by timing, not title of the motion. *Id.* The rule is this: if a motion seeking reconsideration or relief from judgment is brought within 28 days of judgment, the motion implicates the analysis required by Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or

amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) (construing motion filed under Rule 60 as Rule 59(e) motion because filed within timeframe set by Rule 59). Anything filed beyond 28 days is evaluated under Rule 60(b). *Moore v. Mortg. Elec. Registration Sys., Inc.*, 650 F. App'x 406, 407 n.1 (9th Cir. 2016) (motion "is treated as [] under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule and as a motion under Federal Rule of Civil Procedure 60(b) otherwise."). Because petitioner's motion was filed within the 28-day window, the court correctly analyzed the motion under Rule 59(e).

In applying Rule 59(e), the court denied the motion because petitioner failed to show the existence of "highly unusual circumstances, . . . newly discovered evidence, commi[ssion of] clear error, or . . . an intervening change in [] controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Petitioner's motion for relief was nearly identical to the two motions for relief previously filed before judgment had been entered. *Compare* ECF Nos. 7, 10 *with* ECF No. 13. Because the court construed the pre-judgment motions as further objections to the Findings and Recommendations, and thus fully considered the arguments in those motions prior to issuing its order, *see* ECF No. 11, plaintiff offered nothing new in reprising his pre-judgment arguments in the form of a post-judgment motion, ECF No. 13. Thus, there were no grounds to justify relief under Rule 59(e). ECF No. 14.

Here, applying the post-judgment-certificate of appealability standard, this court finds no jurist of reason would find whether this court abused its discretion in denying petitioner's first post-judgment motion debatable, or that a question exists whether the underlying petition states a valid claim of denial of a constitutional right. *See Winkles*, 795 F.3d at 1143. This court acted within the dictates of the law by analyzing petitioner's May 16, 2018 motion under Rule 59(e). Further, there is no basis for the notion that petitioner's underlying petition states a claim for denial of a constitutional right because the petition itself was successive, and filing of a successive petition is barred unless authorized by the Ninth Circuit. *See* ECF No. 6; *see also Felker v. Turpin*, 518 U.S. 651, 657 (1996) (a "prospective applicant must file in the court of

appeals a motion for leave to file a second or successive habeas application in the district court."). Where a petition is dismissed on purely procedural grounds, as here, a litigant must "demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal [should] not deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). There can be no debate that the petition here was successive, because petitioner previously filed a habeas application on March 1, 2006, *see Anderson v. Evans*, No. 2:06-cv-0429-LKK-DAD (E.D. Cal.), and he provided nothing to indicate the Ninth Circuit had authorized his filing of this successive action.

For these reasons the court DECLINES to issue a certificate of appealability with respect to any aspect of the denial of petitioner's May 16, 2018 post-judgment motion.

B. Denial of Petitioner's July 5, 2018 Motion

For the same reasons discussed above, the court declines to issue a certificate of appealability as to the denial of petitioner's July 5, 2018 post-judgment motion. ECF Nos. 15, 16. Petitioner's second post-judgment motion, a motion to reconsider the denial of a motion to reconsider, argued the court erroneously evaluated the May 16, 2018 motion under Rule 59(e). *See* ECF No. 15. In denying the second motion, the court correctly explained that petitioner misapprehended the distinction between Rule 59(e) and Rule 60(b), and the role timing plays in determining which analytical approach must be applied. *See* ECF No. 16; *see also Moore*, 650 F. App'x at 407 n.1. Even if the court applied the incorrect analysis, the outcome would remain the same under Rule 60(b). In pertinent part, Rule 60(b) provides:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> …..
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> …..

4

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (explaining that movant must show "extraordinary circumstances" exist to justify relief under Rule 60(b)). Petitioner has failed to satisfy any of Rule 60's provisions. Rather, his July 5, 2018 motion contains many of the same documents from his pre-judgment motions, ECF Nos. 7, 10, and the same 80 pages of documents filed with his first post-judgment motion, ECF No. 13. Thus, the July 5 filing represents at least the third time petitioner presented essentially the same arguments to this court. None of his arguments or supporting information the third time around is new, he points to no fraud, and identifies no other reason that could justify relief.

Accordingly, the court DECLINES to issue a certificate of appealability with respect to any aspect of the denial of petitioner's July 5, 2018 motion for reconsideration.

IV. CONCLUSION

The court DECLINES to issue a certificate of appealability as to the denial of petitioner's motions for reconsideration filed on May 16, 2018, ECF No. 13, and July 5, 2018, ECF No. 15. Petitioner's motion for a certificate of appealability, ECF No. 21, is DENIED as moot.

IT IS SO ORDERED.

DATED: November 26, 2018.

_____
UNITED STATES DISTRICT JUDGE

5